Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1055 | **DATE** | March 11, 2013 |
| **CASE TITLE** | Mark Twain Patterson (#N-93421) v. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [#3] that he filed in this case is denied. However, Plaintiff filed a more current i.f.p. motion in another case, *Patterson v. Dart*, Case No. 13 C 1052, (N.D. Ill.) [#4]. The Clerk is directed to file a copy of that i.f.p. application in this case. The Court adopts that motion to proceed i.f.p. as the motion to proceed i.f.p. in this case, and it is granted. The Court authorizes and orders the trust fund officer at Stateville Correctional Center to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The Clerk is directed to forward a copy of this order to the supervisor of inmate trust fund accounts at Stateville. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice and Defendants Cook County Jail and Cermak Health Services are dismissed as Defendants. Plaintiff is granted until April 11, 2013 to submit an amended complaint (plus a judge's copy and service copies), naming suable Defendants. Failure to submit an amended complaint by that date will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■[ For further details see text below.]                                                                    Docketing to mail notices.

---

## STATEMENT

Mark Twain Patterson, currently a pre-trial detainee at the Cook County Jail, has brought this *pro se* lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants Cook County Jail and Cermak Health Services have subjected him to deliberate indifference to a serious medical condition by denying him medications that were prescribed by doctors for psychiatric conditions. More specifically, Plaintiff alleges starting on May 15, 2012 and continuing at various times while incarcerated at the jail, Plaintiff has been denied his prescriptions and has suffered severe anxiety attacks, deep depression, and stress, as well as hearing voices.

Plaintiff's motion for leave to proceed *in forma pauperis* is stale because it contains an out of date certification, signed on October 10, 2012, and trust account information from July 2012 to October 2012. Accordingly, it is denied. However, Plaintiff filed a more current motion to proceed i.f.p. in another case recently filed in this Court (*Patterson v. Dart*, Case No. 13 C 1052 (N.D. Ill.), #4). The Court orders the Clerk to re-file the motion to proceed i.f.p. from Case No. 13 C 1052 in this case. The Court adopts it as Plaintiff's motion in this case, as well, and grants the motion. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $10.16. The supervisor of inmate trust accounts at Stateville Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the

## STATEMENT

case number assigned to this action. The Stateville inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

The Court has reviewed the complaint as provided by 28 U.S.C. § 1915A and, accepting Plaintiff's allegations as true, finds that Plaintiff has articulated a colorable federal claim for deliberate indifference to a serious mental health condition. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). However, Plaintiff must submit an amended complaint. None of the Defendants named in Plaintiff's complaint is a suable entity. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). Plaintiff must name as Defendants the individual correctional officer(s) or medical personnel who allegedly were deliberately indifferent to Plaintiff's serious medical condition.

If Plaintiff cannot name the individuals, he can name a supervisory official such as Cook County Sheriff Tom Dart for the purpose of identifying unknown Defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Although Plaintiff may name Sheriff Dart in order to identify unknown Defendants, he asserts no claims against Dart to hold him personally liable under § 1983. *See Perkins v. Lawson,* 312 F.3d 872, 875 (7th Cir. 2002) (supervisors cannot be held liable for the constitutional torts of a subordinate under a theory of *respondeat superior)*. Thus, Dart or some other supervisor should be named as a Defendant in the amended complaint only if necessary to identify the unnamed medical or correctional personnel. Once Plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Defendants who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns Defendants' identities, he may again ask leave to amend the complaint to add their names as Defendants. Summonses will then issue for service on Defendants in interest and the supervisory Defendant will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the correctional officers as soon as possible. *See Worthington v. Wilson,* 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek,* 618 F.2d 1225, 1230 (7th Cr. 1980).

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted until April 11, 2013 to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.