# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1055 | **DATE** | May 31, 2013 |
| **CASE TITLE** | Mark Twain Patterson (#N-93421) v. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT**

The court has reviewed Plaintiff's proposed amended complaint pursuant to 28 U.S.C. § 1915A and finds that Plaintiff has stated a claim. Cook County Sheriff Tom Dart is dismissed as a Defendant, but the Clerk is directed to issue summonses for Defendants Mariven, Friend, Gray, Milton, and Woods, and the United States Marshals Service is appointed to serve them. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for attorney representation [#4] is denied without prejudice.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Mark Twain Patterson, who is presently in custody at the Cook County Jail, has filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff has submitted an amended complaint in which he alleges subjected to deliberate indifference to his serious mental health needs when he entered the jail in May 2012. Plaintiff alleges that although he sent grievances and sought assistance directly from Defendants, he was denied his psychiatric medications on entry to the Jail on May 13, 2012 and from July 15, 2012 to September 18, 2012, causing cognitive difficulty and depression. Plaintiff names Sheriff Tom Dart and several mental health professionals, Ms. Mariven, Ms. Friend, Mr. Gray, Ms. Milton, and Mr. Woods, as Defendants. Taking Plaintiff's factual allegations as true, the court finds that the complaint states a colorable claim against Defendants Mariven, Friend, Gray, Milton, and Woods. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).

However, Plaintiff has failed to state a claim against Defendant Dart. Under the facts alleged, Dart played no part in Plaintiff's medical treatment or lack thereof. Plaintiff seemingly makes his claim against him in his supervisory capacity. Plaintiff has alleged no facts suggesting Defendant Dart's direct, personal involvement. *See, e.g., J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at Dart's direction or with his knowledge and consent. *Id.* "[T]o be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).

The Clerk shall issue summonses for service of the complaint on Defendants Mariven, Friend, Gray, Milton, and Woods (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshal is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained

| STATEMENT |
|---|
| only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.<br><br>  Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court, in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.<br><br>  Finally, Plaintiff has filed a motion for attorney representation. At this time, the case does not appear to involve complex discovery, and Plaintiff's complaint indicates that he has the presence of mind and intellectual capability to continue representing himself at this stage of the proceedings. Accordingly, the Court denies the motion for attorney representation, without prejudice. *See Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007). Plaintiff may renew the motion if and when the case proceeds to a point that attorney representation is appropriate. |